UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBRIMA SAMBOU,

      Plaintiff,

                                      Case No. 25-cv-12153

v.                                     Honorable Linda V. Parker

DEARBORN HOSPITALITY, LLC, et al.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

On July 15, 2025, Plaintiff filed a pro se civil rights Complaint and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. In the Complaint, Plaintiff alleges national origin discrimination based on wrongful termination and a hostile work environment and retaliation. (*See generally* ECF No. 1.) She claims federal subject matter jurisdiction based on a federal question and diversity. (*See id*. at PageID.19.) The Court is granting Plaintiff's IFP application. However, because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court is requiring Plaintiff to file an amended pleading.

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997). Upon review, the court must dismiss the action if it determines

that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The reviewing court must liberally construe a pro se pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that each defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

2

Even when held to a less stringent standard, Plaintiff's Complaint fails to satisfy Rule 8. For starters, it is unclear who Plaintiff is naming as Defendants. The heading of her Complaint identifies the following: Kayliegh "Clerk/Young," Roger Young, Richard Roser, and Bala Palanisamy. (ECF No. 1 at PageID.17.) However, in section I.B of the form, she identifies as Defendants: Dearborn Hospitality LLC, Level Hospitality Group, Roger Young, Richard Roser, Bala Palanisamy, and Kayleigh Clerk-Young. (*Id*. at PageID.18-20.) Plaintiff claims national original discrimination based on a hostile work environment and her termination and retaliation, and she describes conduct by Young, Roser, and Palanisamy (*see id*. at PageID.21-23), but she does not identify which corporate entity employed her, why both are sued, or conduct of Clerk-Young to hold her liable for the alleged misconduct.[1] The Charge of Discrimination attached to

_____

[1] Notably, some of the conduct Plaintiff describes as creating a hostile work environment (i.e., being pressured to provide negative or damaging information about her former CEO and business partner) appears to not be based on her national origin and would not be actionable under federal or state discrimination laws. *See Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011) (explaining that, when considering whether the plaintiff was exposed to harassment, only conduct based on the protected class may be considered); *Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 605 (6th Cir. 2002) (explaining that "a [national origin] hostile work environment claim is cognizable only if the purported harassment, viewed in conjunction with all of the circumstances, occurred because of the employee's [national origin] . . ..”), abrogated on other grounds by *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232 (6th Cir. 2005).

Plaintiff's Complaint does not offer more specific information. (*See id*. at PageID.27.)

Further, Plaintiff checked the box on the "Civil Cover Sheet" for "Other Labor Litigation" (*id.* at PageID.28); however, liberally construing her Complaint, she is alleging a civil rights employment violation. It is unclear, though, whether she is claiming a violation of federal law—liberally construed to likely be Title VII of the Civil Rights Act of 1964 ("Title VII")—and/or state law—liberally construed to be Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). Notably, "an individual employee/supervisor, who does not qualify as an 'employer,' may not be held personally liable under Title VII."[2] *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). In comparison, an individual can be held liable under Michigan's civil rights statute if the individual "is responsible for making personnel decisions." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 434 (6th Cir. 2012) (citations omitted). Under ELCRA, a non-employer defendant can be liable if it "affected or controlled a term, condition, or privilege of the worker's employment." *McClements v. Ford Motor Co.*, 702 N.W.2d 166, 174-75 (Mich. 2005).

Accordingly,

---

[2] Title VII limits liability to employers with fifteen or more employees. *See* 42 U.S.C. § 200e(b).

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 to cure the deficiencies described above.[3] The failure to timely file an amended pleading or the filing of an amended pleading which fails to state a claim against a defendant named therein may result in a dismissal of that defendant without further notice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 23, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 23, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[3] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.