UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EBRIMA SAMBOU,<br><br>                      Plaintiff,<br><br>v.<br><br>DEARBORN HOSPITALITY, LLC, *et al.*,<br><br>                      Defendants. | Case No. 25-cv-12153<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO SUA SPONTE DISMISS THE INDIVIDUAL DEFENDANTS**

## I.    Introduction & Background

Plaintiff Ebrima Sambou, proceeding pro se and *in forma pauperis*, brings this employment discrimination action against six defendants. ECF No. 6. The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Sambou alleges that he was employed as a general manager by Defendant Dearborn Hospitality, LLC, from September 2023 until his termination in February 2025. ECF No. 6, PageID.37, 39. He names as defendants Dearborn Hospitality; Level Hospitality, LLC; and four individual supervisors or coworkers, claiming that they discriminated and retaliated

against him in violation of Title VII of the Civil Rights Act of 1964.  *Id.*  The Court **RECOMMENDS** that the claims against the individual defendants—Roger Young, Richard Roser, Avadhesh Agarwal, and Bala Palanisamy—be sua sponte **DISMISSED**.

## II.     Analysis

Under 28 U.S.C. § 1915(e)(2)(B), the Court has an obligation to screen suits where the plaintiff is proceeding *in forma pauperis* and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants.  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Under Title VII, it is unlawful for "an employer" to discriminate "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). But an individual employee or supervisor "who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). And courts should dismiss sua sponte Title VII claims brought against individuals. *Norton v. Meijer Grp., Inc.*, No. 306CV268, 2007 WL 1202731, at *2 (S.D. Ohio Apr. 20, 2007).

The Court ordered Sambou to show cause why the claims against the individual defendants should not be dismissed under *Wathen*. ECF No. 20. Sambou agrees to withdraw his claims against those defendants. ECF No. 21.

### III.   Conclusion

The Court thus **RECOMMENDS** that the claims against Young, Roser, Agarwal, and Palanisamy should be sua sponte **DISMISSED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: December 2, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2025.

                                                s/Davon Allen
                                                DAVON ALLEN
                                                Case Manager